**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

LASHAUN CASEY,

        Plaintiff,

v.                                                                    Civil Action No. 3:16cv154
                                                                          (Judge Groh)

HAZELTON USP,
MAIL ROOM OF HAZELTON USP

        Defendants.

## ORDER NOTIFYING PLAINTIFF THAT THIS COMPLAINT IS SUBJECT TO DISMISSAL ABSENT AFFIRMATIVE ACTION ON HIS PART

On November 9, 2016, Plaintiff filed this complaint alleging that on January 7, 2015, his unit manager delivered to him a letter which was opened outside his presence in violation of BOP policy. For relief, Plaintiff seeks injunctive relief as well as monetary damages.

A Bivens cause of action is only available against federal officers in their individual capacities, and not the federal agency which employs the persons acting under federal law. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to find a Bivens remedy against a federal agency); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). Likewise, a jail or correctional facility is not a "person" for purposes of Bivens liability. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) (a jail is not a person amenable to suit); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons'"); Preval v. Reno, 203 F.3d 821 (4th Cir.

1

2000)(unpublished) ("the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit").  Therefore, USP Hazelton is not a proper defendant and will be subject to dismissal from this action.

The Court first notes that Plaintiff has also named as Defendant "Mail Room of Hazelton USP."  The Court construes this as an attempt by Plaintiff to name John and/or Jane Doe defendants.  A plaintiff may name a "John or Jane Doe" as a defendant when the identity of a defendant is unknown.  Boyd v. Gullet, 64 F.R.D. 169 (D. Md. 1974). However, a district court is not required "to wait indefinitely" for the plaintiff to provide the defendant's true identity to the Court.  Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980).  **Plaintiff will be given sixty (60) days in which to identify the specific mail room staff that allegedly opened his mail.  Failure to do so within the allotted time will result in their dismissal from this action.**

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATE: November 15, 2016.

        *s/ Robert W. Trumble*
        ROBERT W. TRUMBLE
        UNITED STATES MAGISTRATE JUDGE