IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

LASHAUN CASEY,
    Plaintiff,

v.                                                                                     Civil Action No. 3:16-CV-154
                                                                                    (GROH)

HAZELTON USP MAIL ROOM,
LUKE CUSTER, Supervisory
Correctional Officer Hazelton USP,
WILLIAM ODOM, Retired Associate
Warden Hazelton USP, and TERRY
O'BRIEN, Retired Warden,
Hazelton USP,
    Defendants.

## REPORT AND RECOMMENDATION

### I. Introduction

On November 9, 2016, Plaintiff, Lashaun Casey, an inmate who was then incarcerated at USP Lewisburg in Lewisburg, Pennsylvania, initiated this *pro se* civil rights action by filing a complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). ECF No. 1.[1] The complaint alleges that on January 7, 2015, when Plaintiff was incarcerated at USP Hazelton in Bruceton Mills, West Virginia, legal mail addressed to Plaintiff was delivered to him which had already been opened by BOP mailroom staff outside of his presence, in violation of BOP rules. Among other remedies, he seeks $100,000.00 in compensatory damages for claimed "psyc[h]ology mental issues" and $100,000.00 in punitive damages. ECF No. 1-2 at 10 – 11.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for

---

[1] ECF Numbers cited herein refer to case number 3:16-CV-154 unless otherwise noted.

judicial review. For the reasons set forth below, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice.

## II. Factual and Procedural History

In his complaint[2] filed on November 9, 2016, Plaintiff named "Hazelton USP Mail Room" as the sole defendant. Plaintiff's asserted ground for relief is that the "Mail Room exercised deliberate indifference to Plaintiff Casey's legal mail by failing to conduct the practice of properly opening plaintiff Casey's legal mail in his presence, and delivering such legal mail in a[n] open[e]d legal envelope." ECF No. 1-2 at 7. Plaintiff alleges that the opening of his legal mail violated his First, Fifth and Sixth Amendment rights. Id. at 8. Along with his complaint, Plaintiff filed a motion to proceed *in forma pauperis* [ECF No. 3] and supporting documents. ECF Nos. 4, 5. Plaintiff also filed a motion for appointment of counsel. ECF No. 2. Pursuant to two Orders entered on November 15, 2016, Plaintiff's motion for appointed counsel was denied and he was granted permission to proceed as a pauper, but directed to pay an initial partial filing fee. ECF Nos. 7, 9. By separate Order entered on November 15, 2016, Plaintiff was notified that the complaint was subject to dismissal absent affirmative action on his part, "to identify the specific mail room staff that allegedly opened his mail." ECF No. 8 at 2. On November 28, 2016, Plaintiff paid his initial partial filing fee. ECF No. 13. On December 2, 2016, Plaintiff filed a response which identified the defendants in this action as: "L. Custer," mail room supervisor; "Odom," assistant warden over mail room; and "J. O'Brien," warden. ECF No. 15 at 2.

---

[2] On the same date Plaintiff filed this civil action, he also filed another civil action, 2:16-CV-94, which alleged that on December 9, 2014, USP Hazelton staff opened legal mail addressed to Plaintiff in front of Plaintiff, then proceeded to read the legal mail, which Plaintiff alleged violated his First, Fifth and Sixth Amendment rights, and which sought $100,000.00 in compensatory damages and $100,000.00 in punitive damages. 2:16-CV-94 ECF No. 1-2. On May 8, 2017, Plaintiff's claim was dismissed by Judge Bailey in an "Order Adopting Report and Recommendation." 2:16-CV-94 ECF No. 44.

On March 7, 2017, Defendants were ordered to answer the complaint. ECF No. 26. On April 18, 2017, the Court granted Defendants' motion [ECF No. 36] for an extension of time to answer and file a consolidated response. ECF No. 37. On May 3, 2017, the Court granted Defendants' motion [ECF No. 39] to substitute defendants and clarify the electronic docket, by naming the Defendants more fully as: "Luke Custer, Supervisory Correctional Officer," "William Odom, Retired Associate Warden," and "Terry O'Brien, Retired Warden." ECF No. 40 at 1. On May 18, 2017, Defendants filed a motion to dismiss for failure to state a claim, or in the alternative a motion for summary judgment and a memorandum in support thereof. ECF Nos. 43, 44.

### III. Standard of Review

A.     Pro Se Litigants.

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon,

3

> baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### B. Civil Rights Actions Under Bivens.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of actions for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others." Ziglar v. Abassi, __ U.S. __, 137 S.Ct. 1843, 1860 (2017).

In Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted), the Fourth Circuit:

> set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

"To satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." Shaw, supra, citing Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984).

"A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses"; however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof." Shaw, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff." Id.

### C. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim

5

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Twombly, supra, 550 U.S. at 555. Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy. Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir.2001) (cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir.2006) (unpublished)). There are, however, exceptions

7

to the rule that a court may not consider any documents outside of the complaint. "Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

### D. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion which is to "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but

the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, 477 at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita,

supra, at 587-88. Anderson, supra, at 248-49.

## IV. Analysis

**A. Failure to State a Claim Upon Which Relief Can Be Granted.**

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted. First, the USP Hazelton Mail Room is not a proper party to a Bivens action. Bivens actions are intended to deter individual officers who commit unconstitutional acts, and such liability does not extend to federal agencies. In his pleading filed on December 2, 2016, Plaintiff acknowledged that the USP Hazelton Mail Room should properly be dismissed as a part, writing, "U.S.P. Hazelton is not a proper defendant and will be subject to dismissal from this action." ECF No. 15 at 2. Consistent with the long-standing holdings of the United States Supreme Court, it is clear that the Plaintiff fails to present a claim upon which relief can be granted as relates to the USP Hazelton Mail Room.

Second, Plaintiff names three supervisors of USP Hazelton as the other defendants in this action, however, Plaintiff does not name any individuals whom he claims personally violated his Constitutional rights. "Government officials may not be held liable for the unconstitutional conduct of their subordinates." Ashcroft v. Iqbal, supra, 556 U.S. at 676. Plaintiff identified supervisory correctional officer Luke Custer ("Custer"), retired Assistant Warden William Odom ("Odom") and retired Warden Terry O'Brien ("O'Brien") as the defendants in this case. ECF No. 15 at 2. However, Plaintiff does not make a single allegation as to any actions of Custer, Odom or O'Brien which constituted a violation of his rights. ECF No. 15. In his initial complaint Plaintiff alleges

that unnamed Defendants were, "from the mail room, [and] at all times mentioned in this complaint, held the rank [of] mail room official attend[a]nts."  ECF No. 1-2 at 3.  Plaintiff claims that, "incoming mail is reviewed by the mail room staff before handing such mail out."  Id. at 4.  In his initial complaint, Plaintiff broadly alleges that the "Mail Room" violated his constitutional rights, without alleging the identity of any actor working in the mail room.  Nowhere in his later pleading which names USP Hazelton supervisors as defendants, does Plaintiff allege that those named defendants violated his constitutional rights.

Vicarious liability under the theory of respondeat superior is inapplicable to Bivens actions.  Ashcroft v. Iqbal, 556 U.S. at 676.  Bivens claims are brought against individual federal actors for their own acts.  However, Plaintiff has failed to raise any claim against individual federal actors for their own acts.  Plaintiff failed in his initial complaint to name any individual actors.  Upon being ordered to identify defendants whom he claimed violated his Constitutional rights, Plaintiff named only supervisory officials.  Critically, Plaintiff failed to allege that those named supervisory officials took any action which violated his Constitutional rights.  Consistent with the holdings of the United States Supreme Court, it is clear that the Plaintiff fails to present a claim upon which relief can be granted as relates to the defendants Custer, Odom or O'Brien, none of whom Plaintiff alleges took any actions which violated his Constitutional rights.  Because Plaintiff can prove no set of facts which would entitle him to relief, he fails to state a claim upon which relief may be granted as to any of the named Defendants.

  **B. Plaintiff's Allegations Do Not Rise to a Constitutional Claim.**

Regardless of who is named as a defendant, Plaintiff's claims do not constitute a

violation of his Constitutional rights. Plaintiff alleges that unnamed employees of the mail room at USP Hazelton opened legal mail outside his presence, and that such actions violated his First, Fifth and Sixth Amendment rights. Plaintiff bases his argument on alleged violation of Federal Bureau of Prisons regulations regarding special mail, including legal mail. However, "failure to follow prison rules or regulations does not, without more, give rise to a constitutional violation." Weatherholt v. Bradley, 316 Fed. App'x 300, 303 (4th Cir. 2009) (per curiam, unpublished)(citing Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir 1996) ("A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. . . . In determining whether constitutional minima have been satisfied, [the Fifth] Circuit has relied upon the holdings of the United States Supreme Court in Parratt v. Taylor, 451 U.S. 527 [ ] (1981),³ and Hudson v. Palmer, 468 U.S. 517 [ ] (1984).")

Plaintiff alleges that mail from his lawyer, marked on the outside of the envelope as sent by "Law Offices of Backiel & Meneses" and as "Special Mail Open Only In Presence of the Inmate Legal Mail" was not treated as special mail and that the mail was opened outside his presence before he received it. Although Plaintiff is correct in his assertions that his mail was not treated as special mail and that it was opened outside his presence, both acts were consistent with BOP policy and the holdings of the Supreme Court and the Fourth Circuit.

Both BOP regulations and federal regulations govern mail received by inmates. Bureau of Prisons Program Statement 5265.14 regarding correspondence for inmates is based on 28 C.F.R. § 540.10 *et seq.* Pursuant to 28 C.F.R. § 540.2(c), "Special Mail [ ]

---

³ Overruled on other grounds in Daniels v. Williams, 474 U.S. 327 (1986).

includes correspondence received from . . . attorneys. . . . For incoming correspondence to be processed under the special mail procedures [ ], the sender must be adequately identified on the envelope and the front of the envelope must be marked, 'special mail – open only in the presence of the inmate'." ECF No. 44-1 at 19 (internal citations omitted). The BOP provides a "Special Mail Notice" for inmates and their attorneys which instructs attorneys that for attorney-client correspondence to be opened in the presence of the inmate, the attorney must, "adequately identify [him- or her-] self as an attorney on the envelope and that the front of the envelope be marked 'Special mail – Open Only in the Presence of the Inmate' or with similar language clearly indicating that [the] correspondence qualifies as special mail. . ." ECF No. 44-1 at 84.

Additionally, the Inmate Handbook provided to Plaintiff by USP Hazelton states in regard to special mail that, "correspondence will not be read or copied if the sender has accurately identified himself or herself on the envelope and it clearly indicates that the correspondence is 'Special Mail opened only in the presence of the inmate.'" ECF No. 44-1 at 117. Further, the Inmate Handbook provides that, "[l]egal correspondence from attorneys will be treated as Special Mail, if it is properly marked. The envelope must be marked with the attorney's name and an indication that he or she is an attorney. . . . If legal mail is not properly marked, it will be opened as general correspondence." ECF No. 44-1 at 122.

The Supreme Court addressed the issue of opening legal mail addressed to inmates in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 577 (1974), writing, "[w]e think it entirely appropriate that the State required any such communication to be specially marked as originating from an attorney, with his name and address being given, if they are to

13

receive special treatment." The Fourth Circuit addressed the issue more fully in U.S. v. Stotts, 925 F.2d 83 (1991), where it considered the constitutionality of prison regulations related to inmate correspondence. In Stotts, the Fourth Circuit overturned a federal magistrate judge's finding that, "any letter that appears from its return address to be from an attorney, law firm or court is accorded special mail status." The Stotts Court relied upon the four-part test for determining constitutionality of prison regulations which was established in Turner v. Safley, 482 U.S. 78 (1987). In Turner, the Court required an examination of whether: (1) a prison regulation is reasonably related to a legitimate governmental interest; (2) there are alternative means available to inmates to exercise their rights; (3) the impact which accommodation of the asserted constitutional right will have on guards and other inmates and the allocation of prison resources; and (4) the presence or absence of any ready alternatives. Stotts, 925 F.2d at 86 – 89; Safley, 482 U.S. at 89 – 90. The Fourth Circuit reasoned that:

> Requiring the name of the specific person claiming an attorney-client privilege, for example, makes screening quicker and more accurate. In order to verify in advance of delivery that a given letter is genuine, a prison official need not call a law firm and try to ascertain which of many attorneys may be working on a case, but can simply and quickly speak with the named lawyer.

925 F.2d at 87. The Court concluded that, "the requirement that a legal sender be specifically identified and the requirement that confidential mail be marked as such are 'reasonably related to legitimate penological interests.'" 925 F.2d at 89.

Plaintiff acknowledged the requirement that his attorney's name be listed on the outside of the envelope in his complaint. ECF No. 1-2 at 7, ¶ 33. Although Plaintiff's mail from his attorney was properly marked as, "Special Mail Open Only In Presence of

14

the Inmate Legal Mail," it was improperly marked with only the name of the law firm, without the name of Plaintiff's attorney.  ECF No. 1-3 at 2.  Consistent with the holdings of Safley and Stott and BOP policy, because the purported special mail was not properly marked with the name of the attorney sending the same, it was opened outside the presence of the Plaintiff.

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted related to his claims that his Constitutional rights were violated by BOP officials who opened a letter which was not properly marked to be treated as special mail.  Because Plaintiff can prove no set of facts which would entitle him to relief, he fails to state a claim upon which relief could be granted.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**, based on the failure to state a claim upon which relief can be granted.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and

Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: October 3, 2017

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE